## J. C. League v. W. W. Williamson et al.

### Decided December 3, 1903.

1.—Foreign Executor—Sale Without Order.

The will of a foreign decedent did not contain any provision exempting the estate from administration by the probate court, and conferred no authority upon the executor named therein to dispose of any property of the estate situated in Texas. Under such conditions, and there having been no administration of the decedent's estate by a probate court of this State with order of sale to the executor, his sale of lands belonging to the estate was void, and was not validated by the Act of 1893, article 1879a, Revised Statutes, and deed executed by said executor was properly rejected as evidence.

2.—Same—Recitals in Deed—Evidence.

The mere recitals in a deed by an executor of a party's locative interest in a land certificate is not evidence of any contract between the party and the decedent for the location of land, or that the party located the land.

Error from the District Court of Grimes. Tried below before Hon. J. M. Smither.

*Robt. M. Franklin,* for plaintiff in error.

*H. H. Meachum,* for defendant in error.

PLEASANTS, Associate Justice.—This is an action of trespass to try title brought by J. R. Coryell against the defendants in error to recover 160 acres of land, a part of the J. W. Dibrell survey in Grimes County. Plaintiff in error, J. C. League, purchased the land in controversy from J. R. Coryell pendente lite, and by permission of the court intervened in the suit and prosecuted same as plaintiff. The title set up by plaintiff is deraigned through a deed from John Thompson, Jr., executor of the estate of J. W. Dibrell, deceased, to William Little conveying along with other lands the tract in controversy. Omitting the description of the land and the habendum clause this deed with its certificate of acknowledgment is as follows:

"The State of Virginia, Amhurst Court House. Know all men by these presents: That whereas William Little, of the State of Texas, located in the State of Texas land certificates of twelve hundred and eighty acres, that was owned by James W. Dibrell, deceased, said land certificates being located by said William Little in three tracts, one containing six hundred and forty acres in Grimes County, State of Texas, and the other two containing three hundred and twenty acres each, being in Cook County, State of Texas, and patents for said tracts of land having been issued to James W. Dibrell. The patent for the six hundred and forty acres in Grimes County being patent No. 469 in volume No. 17, dated 12th day of September, 1867, and the patent to one of the 320-acre tracts in Cook County being patent No. 4 in volume No. 20, dated 27th day of December, 1872. And the patent for the other 320-acre tract in Cook County being patent No. 321 in volume No. 9, dated 24th day of October, A. D. 1861. And the said James W. Dibrell hav-

ing' departed this life leaving a will which has been probated whereby he appointed one John Thompson, Jr., executor of his will and estate, and having qualified as such executor and said William Little having a claim against said land for locating and obtaining patents to the same, now therefore in consideration of the premises, and in payment and satisfaction of said William Little said locating interest in said land, I, John Thompson, Jr., executor of the will and estate of said James W. Dibrell, deceased, have granted, bargained, sold and released, and do hereby grant, bargain, sell and release to the said William Little that certain tract of land. * * * This conveyance being without warranty and being in full settlement of said locating interest in the 320-acre tract in Cook County and the remaining 480 acres of the 640 acres in Grimes County and not hereby conveyed.

"Witness my hand and scroll for seal this 3d day of July A. D. 1875.

"JOHN THOMPSON, JR., [Seal.]

"Executor of James W. Dibrell, Deceased.

"State of Virginia, Amhurst County, to wit. I, Sam M. Henry, judge of the County Court of Amhurst County and State of Virginia, do hereby certify that John Thompson, Jr., executor of James W. Dibrell, deceased, who hath signed the foregoing deed, being date the 3d day of July, 1875, this day appeared before me in my county aforesaid and acknowledged the same to be his act and deed.

"Given under my hand this 3d day of July, 1875.

"SAMUEL H. HENRY,

"Judge of the County Court of Amhurst County.

"State of Virginia, Amhurst County, to wit. I, Charles L. Ellis, clerk of the County Court of Amhurst and State aforesaid, do hereby certify that Samuel H. Henry who hath signed the foregoing certificate bearing date the 3d day of July, 1875, is judge of the County Court of Amhurst County duly commissioned and qualified as such, the same being a court of record, and that his signature to the same is genuine.

"Given under my hand and seal of my office this 3d day of July, 1875.

"CHAS. L. ELLIS,

[Seal]    "Clerk of Amhurst County Court."

The defendants objected to the introduction of this deed in evidence upon the following grounds:

First. Because no order of the probate court authorizing the sale or conveyance of any land belonging to the estate of J. W. Dibrell was shown, and the will of said Dibrell which had been introduced in evidence by plaintiff did not authorize the executor to make said deed nor to sell the land thereby conveyed, and did not constitute him an independent executor.

Second. Because the certificate of acknowledgment is fatally defective in that it does not state that the said John Thompson, Jr., was known to the officer to be the person who executed said deed or that he

was proven to be such person; and said certificate of acknowledgment does not purport to have been given under the seal of the officer who makes same and no seal was affixed thereto by such officer.

These objections were sustained by the court and plaintiff was not permitted to introduce the deed in evidence.

The only question presented for our determination is whether the trial court erred in excluding the deed from evidence upon the objections above stated.

The will of J. W. Dibrell contains no provision exempting his estate from administration by the probate court, and no authority is conferred upon the executor named in said will to sell any of the property of said estate except a certain warehouse situated in the city of Richmond, Va., the revenues from which is bequeathed to the testator's wife during her lifetime. The executor is authorized by the will to sell this warehouse in event the rents from the same shall at any time during the life of the testator's wife so decrease that the annual interest on the money for which the property might be sold would exceed the revenue derived from renting the same, and said executor is directed (if same had not been previously sold) to sell said warehouse at the death of the testator's wife, and divide the proceeds, together with all the residue of the estate real and personal not otherwise disposed of by said will, between the testator's brothers and sisters. Such being the character of the will under which Thompson acted, article 1879a of the Revised Statutes validating sales made under wills probated in other States of the United States has no application, and no administration of Dibrell's estate and order of sale by a probate court in this State being shown, the act of the executor in making said sale and executing the deed was void, and for this reason the trial court properly refused to admit the deed in evidence.

It is contended by plaintiff that even if the deed was inadmissible for the purpose of showing that the legal title to the land thereby conveyed passed to his vendor, the recitals therein contained as to the locative interest of Little in the lands rendered it admissible in evidence for the purpose of establishing such interest in Little.

There is no evidence in the record tending to show that Little had any contract with Dibrell for the location of any land or that he located any land belonging to Dibrell, and the recitals in this deed are but hearsay declarations and can not be used as evidence of any equitable title in Little to the land in controversy.

It is unnecessary for us to determine the questions raised by the remaining objections to the deed. We are of opinion that the judgment of the court below should be affirmed, and it is so ordered.

*Affirmed.*